IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of | ) | |
| | ) | No.  38338-5-III |
| JARED HOLMAN | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| And | ) | UNPUBLISHED OPINION |
| | ) | |
| CINTHIA HOLMAN, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Jared and Cinthia Holman were married for fourteen years and have three children together.  Following a trial on the dissolution of their marriage, the court determined that Cinthia needed $3,017.27 per month to cover her basic needs and expenses.  To reach this amount, the court deviated from the child support schedule and increased the child support by $450.33 per month.  In the end, Jared was ordered to pay $2,017.27 in child support and $1,000.00 for spousal maintenance for one year.  Jared does not appeal the total transfer amount ($3,017.27).  Instead, he challenges the characterization of the $450.33 as an upward child support deviation instead of spousal maintenance.

BACKGROUND

Jared and Cinthia were married for fourteen years and had three children together, ages 4, 10, and 13 at the time of trial. Before trial, the parties attended mediation and executed a CR 2A Agreement. The CR 2A Agreement did not resolve all of the issues in the case. At trial, the court decided on the parenting plan, child support, attorney fees, and spousal maintenance.

For purposes of calculating her child support obligation, Cinthia was found to be voluntarily underemployed, and her net income was imputed at $2,048.00 per month. In reality, Cinthia was working part-time and making around $800.00 per month.

Jared is a nurse practitioner whose net income was $7,374.00 per month. The combined imputed net income of the parties was $9,422.00. Working backward, the court made it clear that it intended Cinthia to receive $3,017.00 a month in spousal and child support. It awarded Cinthia spousal maintenance of $1000.00 per month for one year. The court recognized that factoring in spousal maintenance would change the incomes of both parents for purposes of child support calculations. Given the parties' imputed and actual incomes, along with spousal support and health insurance adjustments, Jared's adjusted child support was calculated at $1,566.94.

In order to reach a total transfer of $3,017.00 a month, including $1,000.00 a month in spousal support, the court adjusted child support from $1,566.94 per month to $2,017.27 a month for one year. The court indicated that when spousal support ended,

Jared's child support obligation would be recalculated based on the parties' income without spousal support.

On appeal, Jared does not challenge the total transfer amount ($3,017.27) but only the characterization of the $450.33 as an upward child support deviation instead of spousal maintenance.

ANALYSIS

The only issue on appeal is whether the trial court abused its discretion by deviating from the adjusted child support calculation and ordering Jared to pay $2,017.27 in child support for one year. Jared contends that the trial court abused its discretion when it deviated his child support obligation upwards. We disagree.

We review a trial court's award of maintenance and child support for abuse of discretion. *In re Marriage of Condie*, 15 Wn. App. 2d 449, 470, 472, 475 P.3d 993 (2020). Discretion is abused when a trial court's decision is based on untenable grounds or untenable reasons. *Davis v. Globe Mach. Mfg. Co.*, 102 Wn.2d 68, 684 P.2d 692 (1984). "Questions of law and conclusions of law are reviewed de novo." *Sunnyside Valley Irr. Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003). "Substantial evidence must support the trial court's findings of fact." *Schumacher v. Watson,* 100 Wn. App. 208, 211, 997 P.2d 399 (2000). Substantial evidence is evidence in "sufficient

quantity to persuade a fair-minded, rational person of the truth of the declared premise."

*World Wide Video, Inc. v. City of Tukwila*, 117 Wn.2d 382, 387, 816 P.2d 18 (1991).

RCW 26.19.075(1) provides nonexclusive factors a court may consider to support

a deviation from the standard child support calculation. "Deviation from the standard

support obligation is appropriate when it would be inequitable not to do so." *In re*

*Marriage of Pollard*, 99 Wn. App. 48, 55, 991 P.2d 1201 (2000). "When reasons exist

for deviation, the trial court shall exercise discretion in considering the extent to which

the factors would affect the support obligation." RCW 26.19.075(4). The trial court

must enter findings that specify the reasons for any deviation or denial of a parent's

request for a deviation. RCW 26.19.075(3). "Unless specific reasons for deviation are

set forth in the written findings of fact and are supported by the evidence, the court shall

order each parent to pay the amount of support determined by using the standard

calculation." RCW 26.19.075(2).

In its final order, the trial court deviated Jared's monthly child support obligation

upwards by $450.33, bringing the total to $2,017.27. This was consistent with the court's

oral ruling that Jared was to transfer $3,017.27 per month, inclusive of the $1,000.00

spousal maintenance award, to Cinthia for a year. "Bottom line, [Jared] will be

transferring to [Cinthia] $3,017.27 per month." Rep. of Proc. (RP) at 300. "But that's

my intention is net to her was, and I think I said $3,017[.00] a month." RP at 306. After

4

one year, the spousal maintenance award would drop off, and the child support obligation would change consistent with the parties' new incomes.

Here, the court listed two reasons for the deviation. The first reason for the deviation was that Cinthia has "very different living costs, which are beyond [her] control." Clerk's Papers (CP) at 65. This reason is consistent with the language in RCW 26.19.075(1)(c)(ii). The second reason was that "[t]he maintenance amount varies due to child support and needs ceiling." CP at 65.

There was substantial evidence to support the court's findings of fact. In her oral ruling, the judge stated that Cinthia had a need due to the fact that she was only making $800.00 a month. Though the judge held that Cinthia was voluntarily under-employed and imputed income to her for child support calculation purposes, the evidence at trial showed that Cinthia was working toward getting an education that would give her a higher earning capacity. Further, while married to Cinthia, Jared obtained a graduate degree with Cinthia's support. Additionally, Jared only has custody of the children every other weekend from Friday evening to Monday evening and on alternate weeks from Monday morning to Monday evening. While accommodating Jared's work schedule, this custody schedule makes it difficult for Cinthia to work more than part-time. Given these facts, there was substantial evidence to support the court's finding that child support needed to be adjusted to address Cinthia's needs.

Here, the court found that Cinthia needed a set amount per month as necessary support for a limited period of time. Had the court continued to increase her spousal support, it would have had the undesirable effect of reducing the child support. The court deviated from the child support schedule for a short time to solve this problem. Jared does not dispute the total transfer amount of $3,017.27, and we decline his invitation to categorize the upward child support deviation amount as spousal support when he has presented us with no sound reason to do so.

Jared next argues that if the $450.33 is categorized as spousal maintenance instead of child support, it will be tax deductible. This argument fails. Jared acknowledged at trial that spousal maintenance was not tax deductible. "We know that the tax structure with the federal government says that maintenance is not something to be considered in a tax return currently." RP at 302. "Obviously it doesn't matter tax-wise right now." RP at 306. This fact remains true today. U.S. Internal Revenue Serv., Tax Topic No. 452: Alimony and Separate Maintenance (last updated Feb. 1, 2023). Oddly enough, though Jared argues in his briefing that categorizing the $450.33 at issue as spousal maintenance will make it tax deductible, he concedes in his brief that "[u]nder IRS Code Tax Topic 452—maintenance is no longer taxable." Br. of Appellant at 3, n.2.

Jared also argues that the upward deviation of child support should not have been allowed because Cinthia was found to be voluntarily under-employed. Jared cites no authority for this contention. The statutes allow for an upward deviation of child support

as long as the judge complies with statutory obligations such as including reasons for the deviation and written findings supporting those reasons. RCW 26.19.075(2)-(3). Further, the judge may go outside of the reasons listed in RCW 26.19.075 to deviate from the standard child support obligation.

Given these facts, substantial evidence supports the trial court's finding that the maintenance amount needed to be adjusted to meet Cinthia's needs. Consequently, the court did not abuse its discretion when it deviated the child support upwards by $450.33 a month because its decision was not based on untenable grounds or for untenable reasons.

Cinthia argues that she is entitled to attorney fees because Jared's appeal is frivolous. We agree.

"The appellate court on its own initiative or on motion of a party may order a party or counsel . . . [who] files a frivolous appeal . . . to pay terms or compensatory damages to any other party who has been harmed by the . . . failure to comply." RAP 18.9. "An appeal is frivolous under RAP 18.9 'if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.'" *In re Marriage of Fiorito*, 112 Wn. App. 657, 669-70, 50 P.3d 298 (2002) (quoting *Green River Cmty. College Dist 10 v. Higher Educ. Personnel Bd.*, 107 Wn.2d 427, 442-43, 730 P.2d 653 (1986)).

Here, Jared does not dispute that Cinthia should receive child support, spousal maintenance, or the combined amount of both. Jared argues that spousal maintenance is

tax deductible but cites the IRS Code that states it is not. Tax Topic No. 452, *supra*.

Jared makes other arguments, often uncited, as discussed above, none of which have any

merit. Jared's appeal is so devoid of merit that there is no possibility of reversal. It is

therefore frivolous. Accordingly, Cinthia is entitled to attorney fees.

We affirm the trial court's characterization of the award of child support and

spousal support. We award Cinthia her attorney fees under RAP 18.9 so long as she

complies with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, C.J.